**Amarjit KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73990.

Agency No. A76–673–494.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tsz–Hai Huang, George T. Heredis, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, David Dauenheimer, DOJ—U.S. Department of Justice Civil Division/Torts Branch, Linda S. Wendtland, Donald A. Couvillon, Esq., DOJ—

U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, ALARCÓN and TROTT, Circuit Judges.

## MEMORANDUM **

Amarjit Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal and relief pursuant to the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a). We review the BIA's decision for substantial evidence. *See Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000). We deny the petition.

■ The BIA declined to adopt the IJ's adverse credibility finding, but concurred with the IJ's conclusion that Kaur did not meet her burden of proving eligibility for asylum. That finding is supported by substantial evidence.

Nothing in the record suggests that either Kaur or her husband were persecuted on account of a protected ground. Instead, Kaur's own testimony supports the conclusion that the "interrogation tactics employed by the [Indian] police, albeit heavy-handed and inconsistent with what we would find acceptable, were nevertheless directed at the legitimate goal of finding evidence of crime rather than the illegitimate one of harassing a political opponent." *Dinu v. Ashcroft,* 372 F.3d 1041, 1044 (9th Cir.2004). Because the record evidences that the arrests and in-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

vestigations had a "bona fide objective," Kaur has failed to show that political persecution was the true motive behind the Indian government's actions. *Id.*

Because Kaur failed to prove eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001).

Kaur also failed to establish eligibility for CAT relief because she did not show it was more likely than not that she would be tortured if returned to India. *See* 8 C.F.R. § 208.16(c)(2) (2004); *Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir. 2003).

PETITION FOR REVIEW DENIED.